FILED
U.S. DISTRICT COURT
STATESBORO DIV.
2008 JUN 30 PM 4: 10
CLERK R. Au
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CECIL HOWARD, a/k/a
Alonzo Whitehead,

    Plaintiff,

vs.                                 CIVIL ACTION NO.: CV608-025

S. UPTON, Warden; DANE DASHER,
Deputy Warden, and JOHNNY SMITH,
Unit Manager,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Ware State Prison in Waycross, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia. Plaintiff was granted leave of the Court, by Order dated April 15, 2008, to proceed in forma pauperis in this action. The April 15, 2008, Order was vacated by a May 20, 2008, Order and Report and Recommendation. Plaintiff filed an Objection to the May 20, 2008, Order and Report and Recommendation.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972); Walker v. Dugger, 860 F. 2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176; Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

The Plaintiff contends that Defendants Smith and Dasher harassed him and informed him that he would be required to work despite having been listed as "medically unasign [sic]" by the prison doctor. Plaintiff alleges he has been in the "hole" since February 1, 2008. Plaintiff further alleges that on March 10, 2008, Defendants Smith and Dasher entered his cell, handcuffed him, beat him on the side and stomach, and

then refused him medical treatment afterwards. Plaintiff also alleges that his mail was thrown in the trash.

Plaintiff names Warden Upton as a Defendant. It appears that Plaintiff attempts to hold Defendant Upton liable based solely on his supervisory position. To the extent Plaintiff seeks to hold Defendant Upton responsible for the alleged violations of his constitutional rights, this assertion is without merit. Plaintiff sets forth no factual allegations against Defendant Upton. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor & Employment Sec.</u>, 133 F. 3d 797, 801 (11th Cir. 1998).

Plaintiff's allegation that his mail was thrown in the trash does not state a cognizable claim for relief under 42 U.S.C. § 1983 because he does not allege any facts showing that his rights as secured by the Constitution and the laws of the United States were violated by the throwing of mail in the trash.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that all Plaintiff's claims against Defendant Upton be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims for relief against Defendants Smith and Dasher based upon his allegations that his mail was thrown away be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 30th day of June, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE