IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CECIL HOWARD, a/k/a
Alonzo Whitehead,

    Plaintiff,

vs.

DANE DASHER, Deputy Warden, and
JOHNNY SMITH, Unit Manager,

    Defendants.

CIVIL ACTION NO.: CV608-025

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff Cecil Howard ("Plaintiff"), who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Defendants Smith and Dasher ("Defendants") filed a Motion to Dismiss, and Plaintiff filed a Response. Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts he was placed in isolation on February 1, 2008, and physically abused on March 10, 2008, after filing a grievance over missing mail. Plaintiff avers prison officials at Georgia State Prison ignored his medical condition, required him to work, and placed him in isolation against doctor's orders. Plaintiff further asserts he was denied medical treatment after he was allegedly assaulted.

Defendants assert Plaintiff's Complaint should be dismissed because he had accumulated three strikes within the meaning of 42 U.S.C. § 1983 prior to filing this cause of action. Defendants also assert Plaintiff's allegations do not rise to the level of imminent danger of a serious physical injury.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend Plaintiff has at least three strikes under 28 U.S.C. § 1915(g) and should not be allowed to proceed with this action without prepaying the full filing fee. According to Defendants, three (3) of Plaintiff's causes of action or appeals which have been dismissed and count as strikes are: 1) Whitehead v. Glenn, CV105-284 (N.D. Ga. Mar. 9, 2005) (dismissed as frivolous); 2) Howard v. Hays State Prison, CV107-1666 (N.D. Ga. Dec. 14, 2007) (dismissed for failing to state a claim); and 3) Whitehead v. Barrett, CV199-2707 (N.D. Ga. Dec. 8, 1999) (dismissed as frivolous and for failing to state a claim). Defendants aver Plaintiff does not allege he was in imminent danger at the time he filed this lawsuit, as he filed his Complaint more than two (2) months after he allegedly he was placed in isolation and over a month after he allegedly was assaulted.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings indicates he had accumulated at least three (3) strikes within the meaning of § 1915(g) prior to filing the instant cause of action. A review of the PACER system during the undersigned's initial review of Plaintiff's Complaint indicated Plaintiff was indeed a three-striker under section 1915(g), as set forth in the undersigned's Order and Report and Recommendation dated May 20, 2008. However, based on Plaintiff's Objections, the undersigned vacated the May 20, 2008, Order, granted Plaintiff leave to proceed in forma pauperis, and served Plaintiff's Complaint upon Defendants. Attempting to verify Plaintiff's assertion that he did not file Case Number 1:99CV2707 was made difficult by Plaintiff's numerous aliases and because the PACER system does not allow for the electronic retrieval of documents filed prior to a certain date. Thus, the undersigned was unable to verify whether Plaintiff in fact filed Case Number 1:99CV2707 based on resources at the Court's disposal at that time. Additionally, because Plaintiff is *pro se*, the undersigned gave Plaintiff the benefit of the doubt that he did not file Case Number 1:99CV2707.

However, based on Defendants' documentation in support of their Motion to Dismiss, it is clear Plaintiff filed Case Number 1:99CV2707. The Complaint in Case Number 1:99CV2707 is written in the same handwriting as the Complaints in Case Number 1:05CV284 and Case Number 1:07CV1666. Plaintiff admitted in his original Complaint in this case that he filed those two cases. Accordingly, Plaintiff had accumulated three strikes under § 1915(g) prior to filing this cause of action. In an

attempt to meet the imminent danger exception to section 1915(g), Plaintiff asserts he "was constantly and continually verbally threaten (sic) by the Defendants at the same time he filed suit." (Doc. No. 39, p. 1). This assertion is woefully inadequate to meet the imminent danger exception to allow Plaintiff to proceed with this cause of action without prepaying the entire $350.00 filing fee.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of October, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE